(118 App. Div. 105)

SCHWARZ v. DUHNE.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

COVENANTS—USE OF PROPERTY—NUISANCES.

    Where parcels of land were conveyed to plaintiff and defendant, respectively, while the locality was a residential one, subject to a covenant that no buildings other than of brick, stone, or· marble, etc., should be erected thereon, with a further covenant against nuisances, embracing various manufactures or callings in any way dangerous or ·offensive to the neighboring inhabitants, and subsequently the character of the locality entirely changed, the first floor of defendant's house being used for a wholesale oyster market, and a Chinese laundry, sawdust factory, cheap tenement houses, stables, and spaghetti factories occupying the immediate vicinity, plaintiff was not entitled to an injunction restraining defendant from converting his house into a stable and carriage house.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, § 51.]

Action by Sampson H. Schwarz against Henry Duhne. Submission of controversy on agreed statement of facts. Judgment for defendant.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Sampson H. Schwarz, in pro per.
Charles E. Hunter, for defendant.

HOUGHTON, J. The plaintiff and defendant own, respectively, premises Nos. 74 and 76 Horatio street, in the city of New York. Many years ago the locality was a residential one, and both parcels were owned by one Cutting, who conveyed each subject to a covenant that no "buildings other than dwelling houses or stores of brick, stone, or marble of at least two stories in height covering the whole front of

each of the lots" should be erected thereon, as well as a further covenant against nuisances, embracing slaughterhouses, furnaces, various manufactories, tanneries, "or any other manufactory, trade, business, or calling whatsoever which may be in any wise dangerous or noxious or offensive to the neighboring inhabitants." Since this covenant was made the character of Horatio and surrounding streets has entirely changed. The plaintiff lives in his house, which is an old three-story one-family dwelling. The defendant's house is of the same character, but he uses the first floor for a wholesale oyster market and lives on the upper floors. No. 68 Horatio street, which is at the corner of Greenwich and two doors from plaintiff's premises, is occupied as a Chinese laundry, with a stable in the rear and sawdust factory in the upper part. Near by four houses have been converted into a double tenement house, with four families on a floor, and other double tenements so occupied are in the immediate vicinity. The surrounding streets are filled with tenement houses of poor character, stables, spaghetti factories, and various other industries incompatible with an ordinary residential district. The defendant purposes to remodel his house and convert it into a stable and carriage house, and the plaintiff asks that he be restrained from so doing in view of the covenants above set forth.

We think the stipulated facts show there has been such a change in the character of the neighborhood as to defeat the object and purpose of the covenants, and to render it inequitable to deprive the defendant of the privilege of conforming his property to the uses to which the surrounding property is put. Where such a situation exists, a court of equity will not enforce the observance of the covenants at the instance of an owner who otherwise would be entitled to the benefits of the restriction. Trustees of Columbus College v. Thacher, 87 N. Y. 311, 41 Am. Rep. 365; McClure v. Leaycraft, 183 N. Y. 36, 75 N. E. 961. The plaintiff should not, therefore, have the injunction which he asks. The judgment must be for the defendant, but only to the extent that it is adjudged that plaintiff is not entitled to an injunction restraining defendant from altering his building and changing it into a stable and carriage house.

The stipulation provides that no costs should be awarded, and none are allowed. All concur.