PAPPAS v. EXCELSIOR BREWING CO. et al.

(Supreme Court, Appellate Division, Second Department.   December 30, 1915.)

1. INJUNCTION &62—BUILDING RESTRICTIONS—RIGHT TO ENFORCE.

Where all the lots in controversy were originally sold for residence purposes on condition that no building less than two stories in height nor nearer than ten feet to the street line should be constructed thereon, but for a long time prior to the controversy the street had been a business street and had been widened by condemnation proceedings by the city, so that buildings already constructed thereon were within the ten-foot line, the plaintiff could not enforce the condition of the deeds, since in equity the reason for its imposition no longer existed.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127, 129; Dec. Dig. &62.]

2. COVENANTS &108—BUILDING RESTRICTIONS—CONDITIONS OF GRANT—ESTOPPEL.

In such case where plaintiff had constructed a one-story building within the line in violation of the condition of his deed, he was estopped to de-

mand performance of the condition by other lot holders by his own act in refusing to abide by it.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 175, 179–185; Dec. Dig. ☞108.]

8. COVENANTS ☞110—BUILDING RESTRICTIONS—LACHES.

In such case, where defendants had erected a building more than a year prior to the controversy within the line, plaintiff was guilty of laches precluding recovery in not objecting to the erection of the building.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 177, 178; Dec. Dig. ☞110.]

Controversy submitted on agreed facts by James Pappas against the Excelsior Brewing Company and others. Judgment for defendants.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

Jacob I. Berman, of New York City, for plaintiff.

Victor E. Whitlock, of New York City, for defendant Excelsior Brewing Co.

RICH, J. This is a submitted controversy upon agreed facts under the provisions of sections 1279–1281 of the Code of Civil Procedure. The plaintiff is the owner in fee of two lots (Nos. 15 and 16), situate on the easterly side of Fresh Pond Road, in the county of Queens. The defendant brewing company owns one lot (No. 17) adjoining plaintiff's on the south; the defendant Calocero owns one lot (No. 14) adjoining plaintiff's on the north. These lots and the remaining ones in the same block, north of plaintiff's lots, and the lots in the first block south (between Hughes street and Catalpa avenue), belonged originally to a common owner, who conveyed the same by deeds describing them as abutting on the easterly line of Fresh Pond Road and containing a restrictive covenant that the grantees, their heirs or assigns, "will not at any time hereafter erect any building within ten feet of the front of said lots or less than two stories in height, and will not erect or permit upon any part of the said lot any slaughterhouse, smithshop, forge, furnace, steam engine, brass foundry, nail or other iron foundry or any manufactory of gunpowder, glue, varnish, vitriol, ink or turpentine or for the tanning, dressing or preparing skins, hides or leather or any brewery, distillery or any other noxious or dangerous trade or business, pig sty or cow stable."

Prior to August 7, 1912, the city of New York instituted condemnation proceedings for the purpose of widening Fresh Pond Road, and on that day an order was made confirming the report of the commissioners which changes the lines of said road, extending its easterly line further to the east. As a consequence, portions of the fronts of the lots in both blocks, included within the said ten-foot strip, were acquired by the city. The new east line intersected Hughes street at the southwest corner of lot 17 and, extending northerly, was at the northwest corner of said lot approximately one foot east of the original line. The amount of frontage taken from each northerly lot in

the block was greater, a strip two feet wide at the south side and about three feet at the north side being taken from plaintiff's frontage. A strip about three feet at the south side and five feet at the north was taken from the frontage of the lot owned by the defendant Calocero, increasing to about ten feet at Cornelius street, four lots further north. After the new street line was so established, the road was made to include a portion of the ten-foot strip, which was intended to be restricted. On August 25, 1914, the defendant brewing company completed a three-story brick building on lot No. 17, the front of which was flush with the new easterly line of said road. Since the completion of this building, the ground floor has been used as a retail liquor store and the two upper floors are used as flats. Prior to the erection of this structure, a two-story frame building, which had been built to conform with the restriction line, stood on the lot, the ground floor of which had been used for about eight years as a retail liquor store. On the plaintiff's two lots there is, and for about seven years has been, a one-story wooden building used wholly for business purposes, the front of which is now about seven feet from the new street line. The lot owned by Calocero is vacant, though he proposes to erect a building the front of which is to be flush with the new easterly line of said Fresh Pond Road. The ground floors of all the buildings in the block in which plaintiff's lots are located are used for business purposes, and the fronts of all of such buildings are less than ten feet from the new easterly line of said road. The owners of the lots in the block to the south have by consent abolished the ten-foot restriction line, and the entire block has been built up with modern two, three, and four story brick buildings used for business purposes on the ground floors, and flats on the upper floors. The fronts of such buildings have all been constructed on the new easterly line of said road, and there is not a building used wholly for residential purposes in either block. And the same is true of buildings erected in adjoining blocks and in blocks on the west side of said road, in the near vicinity of the block in which the real property involved is located. The entire neighborhood is devoted to business uses and purposes. It also appears that there has been filed with the board of estimate an application for a franchise for the construction and operation of a street car line, on the surface of said road in front of the premises of the parties to the action, and the plaintiff seeks injunctive relief restraining the violation of the covenant referred to.

[1] The plaintiff's contention is that, upon the facts presented, he is entitled to an adjudication that the defendant brewing company shall remove so much of its building as stands within ten feet of the front of its lot, as said front existed prior to the widening of Fresh Pond Road, and that it be enjoined and restrained from permitting the use of its premises for the purpose of selling liquor at retail thereon, and enjoining and restraining the defendant Calocero from building within ten feet of the front of his lot as it existed prior to the widening of said road. The plaintiff relies upon no equitable conditions, but bases his contention solely upon the existence of the restricting covenant and its actual and proposed violation by the defendants. It

seems clear to me that the purpose of the restriction was the contemplated construction of suburban residences with a uniform frontage on Fresh Pond Road of ten feet, which has been frustrated and rendered impossible by the act of the city of New York in taking a portion of the frontage, which has defeated the objects and purposes of the covenant, and that no equitable reason is presented for the enforcement of the covenant; and it would be inequitable to divest the defendants of their right to so use and maintain their property as to result in greater advantage to them, while there is no detriment in any respect to the plaintiff. I think the case is clearly within the principles of law declared in Deeves v. Constable, 87 App. Div. 352, 84 N. Y. Supp. 592; Roth v. Jung, 79 App. Div. 1, 79 N. Y. Supp. 822; Trustees of Columbia College v. Thacher, 87 N. Y. 311, 41 Am. Rep. 365; Batchelor v. Hinkle, 132 App. Div. 620, 117 N. Y. Supp. 542; Amerman v. Deane, 132 N. Y. 355, 30 N. E. 741, 28 Am. St. Rep. 584; Schwarz v. Duhne, 118 App. Div. 105, 103 N. Y. Supp. 14; Goodhue v. Cameron, 142 App. Div. 470, 127 N. Y. Supp. 120.

[2] The plaintiff and his predecessors in title have violated the requirements of the very covenant he now seeks to enforce, by erecting and maintaining upon their property a one-story building used wholly for business purposes, which, as was held in Deeves v. Constable, supra, was a conclusive act evidencing an intention on their part to disregard and nullify the covenant imposed for the enjoyment of the property for residential purposes. The authorities are uniform in holding that such acts are inconsistent with the continued existence of such a covenant. Snell v. Levitt, 110 N. Y. 595, 18 N. E. 370, 1 L. R. A. 414; Heartt v. Kruger, 121 N. Y. 386, 24 N. E. 841, 9 L. R. A. 135, 18 Am. St. Rep. 829. It thus appears that the plaintiff does not come into a court of equity with the clean hands necessary to entitle him to the relief he demands.

[3] I am of the opinion, also, that the defendants' contention that plaintiff was guilty of laches precluding his recovery, in not objecting to the erection of the building now complained of until long after its completion and occupancy and in permitting the use of such buildings upon said lot for the retailing of liquor without objection, possesses merit. The defendants are entitled to judgment upon the merits.

Judgment for defendants, upon agreed statement of facts, without costs. All concur.