TNT COMMUNICATIONS INC., Appellant, *v.* MANAGEMENT TELEVISION SYSTEMS, INC., et al., Respondents.

First Department, May 1, 1969.

*Marshall C. Berger* of counsel (*Edward C. Wallace* and *Martin D. Ginsburg* with him on the brief; *Weil, Gotshal & Manges,* attorneys), for appellant.

*Joseph H. Einstein* of counsel (*Jay H. Topkis* with him on the brief; *Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison,* attorneys), for respondents.

EAGER, J. P.   The plaintiff, according to the allegations of its complaint, is engaged " in the business of offering networks of closed circuit television and related media " for use by private and public organizations, " with emphasis on large screen displays to groups rather than individual viewing." It has brought this action against former employees and their associates and corporations to restrain disclosure and use of trade secrets relating to its multi-media network business and to recover damages resulting from the alleged wrongful conduct in such disclosure and use.

The defendants' second defense and counterclaim, interposed in the action, alleges that plaintiff, for the purpose of achieving a " dominant position " in its business, " has engaged in numerous acts of unfair competition and predatory practices ", with some specification of such acts; and there is included the general allegation that plaintiff " has achieved and seeks to maintain a dominant position in the large screen closed circuit television business by conduct in violation of the antitrust laws of the United States [and] * * * of the State of New York ". The plaintiff moved to strike the defense and counterclaim and Special Term granted the motion to the extent of striking the same as a counterclaim while sustaining defendants' allegations as a defense. Plaintiff appeals, contending that defendants' pleading statement is not available as a defense. We conclude that the defense is not sustainable.

The defendants' allegations fail to show any connection between plaintiff's alleged illegal practices and the defendants' alleged wrongful conduct in appropriating the trade secrets appertaining solely to the multi-media network branch of the plaintiff's business. Defendants' alleged thievery and plagiarism were and are independent acts unrelated to plaintiff's improper business methods set forth in the defense. Furthermore, the stated defense lacks a proper showing that the plaintiff's alleged " acts of unfair competition and predatory practices ", including alleged antitrust violations, have caused or will result in any injury to the lawful rights of defendants.

Under the circumstances, defendants' allegations of monopolistic practices and antitrust law violations by plaintiff in the conduct of its general large screen closed circuit television business can furnish no justification for the alleged stealing and wrongful use by defendants of the trade secrets. The defendants' allegations merely tend to show unrelated wrongdoing. But collateral wrongdoing is not generally the basis for a defense in any case. Although such wrongdoing may, on a proper showing of injury, furnish the basis for a counterclaim, here, the defendants' counterclaim was properly dismissed and they did not appeal.

The fact is that proof of the acts alleged in the particular defense can serve no purpose other than to import into this case a multiplicity of complex transactions having no bearing upon the subject matter of the action. The sustaining of the defense would permit its use as a vehicle to enable the defendants to conduct pretrial disclosure proceedings relative to plaintiff's general business transactions over many years and long ante-

dating the wrongful conduct charged against the defendants. Such disclosure proceedings would appear to serve no purpose other than to allow defendants to probe generally into the business practices and secrets of the plaintiff. In reality, the effect of sustaining the defense would be to "lower the dam" for the admission upon the trial of "a second main stream of evidence, with its own bundle of facts and law," thereby impeding or diverting the rightful progress of this action for the enforcement of an alleged lawful and valuable right. This should be avoided. (See *Knapp Engraving Co.* v. *Keystone Photo Engraving Corp.*, 1 A D 2d 170, 173.)

We conclude that allegations of collateral wrongdoing in the form of general monopolistic business practices should not be acceptable as a defense to an action brought for the protection of legal and proper interests; nor should the defense be sustained on the basis of antitrust law violations unrelated to plaintiff's cause of action. The defense should not be allowed where, in effect, it serves merely as an indirect method of enforcing compliance with the antitrust laws. (Cf. *Kelly* v. *Kosuga,* 358 U. S. 516.)

The decision of *Remington Rand, Inc.* v. *International Business Mach. Corp.* (167 Misc. 108), cited at Special Term and relied upon by defendants is not in point. There, the defense based upon alleged antitrust law violations was sustained because the violations were held to invalidate the contract which formed the basis of the cause of action defended against. Thus, there was a direct relationship between the subject matter of the cause of action and the defense that is not present here.

We readily reject defendants' urging that their allegations are sustainable as an "unclean hands" defense. It is settled that such a defense is available only when the illegal conduct of a plaintiff is "directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct". (*National Distillers Corp.* v. *Seyopp Corp.,* 17 N Y 2d 12, 15–16.) Here, as aforenoted, the elements of direct relationship and special injury are absent.

Finally, the defense is not validated by the general allegation that the plaintiff's actions are motivated by malice and by the general allegation that this action is brought with intent to harass and destroy the defendants' corporation which is engaged in business as a competitor of plaintiff. The ulterior motives and purposes of plaintiff, if any, in bringing the suit are immaterial if, as alleged by it, defendants have wrongfully appropriated its valuable trade secrets. The question here is solely whether plaintiff's interests are entitled to the protection

of the court. If so, the right to such protection may not be defeated by proof of the existence of ill will toward defendants. (See *Ramsey* v. *Gould,* 57 Barb. 398, 402; 1 C. J. S., Actions, § 24.)

The order, entered January 6, 1969, sustaining the second defense as such, should be modified, on the law, to provide that such defense be dismissed, and the order should otherwise be affirmed, with costs and disbursements to plaintiff-appellant.

TILZER, McGIVERN, NUNEZ and McNALLY, JJ., concur.

Order entered January 6, 1969, so far as appealed from, unanimously modified, on the law, to the extent of dismissing the second separate and distinct affirmative defense, and, as so modified, affirmed, with $50 costs and disbursements to plaintiff-appellant.