■ BINGHAMTON PLAZA, INC., Appellant, v. HYMAN GILINSKY et al., Respondents.— *Per Curiam.* Appeal from that part of a judgment of the Supreme Court, Broome County, entered upon a decision of the court without a jury, as granted appellant nominal damages of $1. It is not here disputed that in constructing an addition to the rear of their garage to accommodate an automobile parts department respondents violated a restrictive covenant contained in an agreement for the sale of real property and in the deed for such property. Nor is the trial court's refusal to specifically enforce the covenant now challenged. The sole remaining question is whether the trial court properly refused to award appellant more than nominal compensatory damages. The denial of requested punitive damages was clearly discretionary with the trial court and we find advanced no basis to disturb its decision (14 N. Y. Jur., Damages, § 177). In awarding only nominal compensatory damages the trial court held that appellant had failed to show that the remaining property had been damaged by respondents' failure to abide by the restrictive covenant. The measure of damages for breach of a restrictive covenant is the difference between the fair market value of the property prior to the breach and the fair market value of the property subsequent to the breach (*Flynn* v. *New York, Westchester & Boston Ry. Co.,* 218 N. Y. 140; *Ackerman* v. *True,* 175 N. Y. 353, mot. for rearg. den. 176 N. Y. 560; *Wicks* v. *Pallone Co.,* 48 Misc 2d 734, revd. on other grounds 29 A D 2d 626), and the appellant clearly had the burden of establishing such difference. In our opinion the instant record contains not only absolutely no valid evidence that the violation of the restrictive covenant caused a decline in the value of the appellant's land but even little probative evidence that the value of appellant's land declined in value after the violation. Accordingly, on this state of the record the judgment must be affirmed. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam*; Aulisi, J., not voting.