■ GENERAL INSTRUMENT CORPORATION, Respondent, v FAIRCHILD CAMERA AND INSTRUMENT CORPORATION et al., Appellants. GENERAL INSTRUMENT CORPORATION, Respondent, v FAIRCHILD CAMERA AND INSTRUMENT CORPORATION et al., Appellants.—Order, Supreme Court, New York County, entered April 24, 1978, unanimously affirmed, without prejudice to application by defendants-appellants Fairchild Camera and Instrument Corporation and David Chung to move at Special Term in respect of further disclosure as hereinafter set forth, without costs and without disbursements. Order, Supreme Court, New York County, entered March 20, 1978, unanimously modified, to the extent appealed from, on the law, to reinstate the third affirmative defense asserted in the answer of defendant-appellant Fairchild Camera and Instrument Corporation, and otherwise affirmed, without costs and without disbursements. Plaintiff General Instrument and defendant

Fairchild are competitors in the ever new and esoteric electronics industry. A German corporation named Olympia Werke A.G. developed a new and highly secret device having to do with microprocessing, called CP3F, which it licensed nonexclusively for production by General Instrument. The license agreement forbade disclosure of trade secrets. Defendant Chung, head of General Instrument's microprocessor program, was dispatched by his employer to Olympia's plant to receive drawings and to learn trade secrets concerning CP3F. Almost immediately on his return, he left General Instrument and was hired by Fairchild in virtually the same job he had earlier performed for its competitor. General Instrument commenced this suit against Fairchild and Chung for injunction and accounting, as well as damages, both compensatory and punitive. After we affirmed Special Term's denial in 1976 of a motion to dismiss the complaint before answer (discussed in more detail below) and an answer was served, two separate motions were made by plaintiff: one to seek certain relief in respect of disclosure sought by defendants, decided by the order entered April 24, 1978, and the other, asking dismissal of certain defenses, decided by the order entered March 20, 1978. We discuss first the order entered March 20, 1978. A prior appeal to this court provides the background for the two appeals here considered. In (56 AD2d 525), we reviewed an order entered July 28, 1976, on a "motion made by the defendants prior to pleading seeking to dismiss the complaint [which] asserts a defense, founded on documentary evidence * * *; that the plaintiff lacks the legal capacity to sue * * *; that the complaint fails to state a cause of action * * *; that the court should not proceed in the absence of a necessary party" all founded variously on CPLR 3211 (subd [a], par 1, 3, 7, 10). We affirmed. That decision did no more than to find, on the assumption of the truth of the complaint's allegations, that a complaint, charging wrongdoing by an allegedly unfaithful employee and his seducer, had been stated and should not be dismissed. The existence of issues of fact raised by the attack by defendants on the complaint precluded dismissal on the grounds stated, as well as on an alternative application for relief by way of summary judgment (CPLR 3211, subd [c]). Some of these grounds for dismissal were then pleaded in slightly different language in the defendants' answers, numbered as described in the next paragraph. Special Term found that these defenses should be dismissed "because they involve questions of law and were determined legally insufficient by the earlier determination by Special Term * * * and affirmed." We do not agree that the "earlier determination by Special Term" constituted law of the case in evaluating sufficiency of these defenses, but we find, now that the question of sufficiency is actually before us, that, in respect of the fourth, eighth, and ninth defenses of Fairchild (repeated virtually verbatim as third, sixth, and seventh in Chung's answer) that they are insufficient in the circumstances here found. Fourth Fairchild (third Chung) asserts that a necessary party has not been joined. This "necessary party" is Olympia, and in this "faithless employee-seducer" case Olympia is a stranger. Eighth and ninth Fairchild (sixth and seventh Chung) plead restraint of trade by plaintiff, under both Federal and State law, in insisting on its license rights in the same circumstances. "The fact is that proof of the acts alleged in the particular defense can serve no purpose other than to import into this case a multiplicity of complex transactions having no bearing upon the subject matter of the action." (*TNT Communications v Management Tel. Systems,* 32 AD2d 55, 57, affd 26 NY2d 639.) These defenses should not be reinstated. Fairchild's third affirmative defense—that a license by Olympia to Fairchild, given almost simultaneously with institution of this suit, bars the relief

sought herein—should stand, and we reinstate it. Now to the other motion addressed to disclosure and the order thereon, entered April 24, 1978. Special Term proceeded properly in evaluating defendants' attempts at procuring disclosure by standards of relevance having to do only with the subject matter of the issues raised by the papers. This was carefully done as is demonstrated by the fact that the order we review was resettled after two separate painstaking decisions. (See *City of New York v Friedberg & Assoc.,* 62 AD2d 407.) However, recognizing as we do that, in this unusual case, further issues may develop and sharpen, thereby changing the definition of relevance herein, we have affirmed without prejudice to renewal if and when such changes in the pattern of relevance should develop. Concur—Birns, J. P., Evans, Fein and Markewich, JJ.