■ LEONARD WEISS et al., Appellants, v FLUSHING NATIONAL BANK, Respondent. — In an action, *inter alia,* for moneys had and received and to recover damages for breach of contract, plaintiffs Leonard and Mitchell Weiss appeal from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered January 17, 1983, which granted reargument of a prior motion by defendant for summary judgment, which was previously denied, and, upon reargument, vacated its prior denial, and granted said motion for summary judgment. ¶ Judgment reversed, on the law, with costs, defendant's motion for summary judgment denied, and matter remitted to the Supreme Court, Nassau County, for further proceedings. ¶ The evidence before Special Term on the defendant bank's motion for summary judgment established that plaintiffs had deposited certain moneys with the bank in the form of certificates of deposit. The bank contends that the moneys deposited by plaintiffs were to be held as security for the guarantees of Edward Weiss, the plaintiffs' father, which guarantees secured the indebtedness of certain businesses in which the father was involved, and that it therefore duly applied all moneys deposited by plaintiffs in reduction of that indebtedness. In support of its contention, the bank submitted copies of hypothecation agreements, executed by plaintiffs, which authorized the father to pledge their deposits as collateral security for loans made by the bank to him. In addition, the bank submitted copies of certain loan guarantees executed by plaintiffs' father. Under the terms of the guarantees, the guarantor gave the bank a continuing lien for the amount of his liability upon his money and other of his property which was actually or constructively held or received by the bank from or for him whether for safekeeping, custody, pledge, transmission, collection or otherwise, or which had come into the possession of the bank in any way. Thus, each guarantee executed by the father constitutes a pledge of each son's deposits in the manner authorized by him, and the bank was therefore entitled to apply those deposits to each indebtedness which the father had guaranteed. ¶ However, the bank offered no evidence as to which accounts, if any, had matured and were in default and the matter in which it applied the collateral; there is no account of the specific loans to which plaintiffs' deposits were applied, or of the amount by which each such indebtedness was reduced. Therefore, it cannot be determined if plaintiffs' deposits were correctly applied to those loans guaranteed by their father, or if there were any surplus funds to which plaintiffs would be entitled (see Uniform Commercial Code, § 9-112). In view of these remaining triable issues of fact, Special Term erred in granting summary judgment to defendant. Lazer, J. P., Gibbons, Bracken and Lawrence, JJ., concur.