■ Leonard Weiss et al., Appellants, v Flushing National Bank, Respondent.—In an action, inter alia, to recover the proceeds of a certificate of deposit, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roberto, J.), entered January 12, 1989, which granted the defendant's renewed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In *Weiss v Flushing Natl. Bank* (102 AD2d 890), this court ruled that the defendant had the right to apply the plaintiffs' deposits to reduce the debts that their father had guaranteed. This ruling is the law of the case, and the matter may not be relitigated on this appeal *(see,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5011.09, at 50-97; *Martin v City of Cohoes,* 37 NY2d 162, 165; *Holloway v Cha Cha Laundry,* 97 AD2d 385, 386). The plaintiffs have made no showing of any "extraordinary circumstances", "such as a change in the law or a showing of new evidence affecting the prior determination", so as to vitiate the doctrine of the "law of the case" *(Foley v Roche,* 86 AD2d 887). At bar, there has been no change in the law. The plaintiffs' contention that the production of the same hypothecation agreements which were considered by this court on the prior appeal—although now with the date "7/11/78" visible—constitutes "new evidence" is frivolous. In any event, it does not matter *when* the hypothecation agreements were executed, because on their face they pledge the plaintiffs' deposits as collateral for "any and all loans now or hereafter made" to the father and to secure payment of "any direct or indirect liability * * * due or to become due, or that may hereafter be contracted" by the father.

"While it is true that a [renewed motion] generally should be based on newly discovered facts, this rule is not inflexible, and the court has discretion to grant renewal even upon facts known to the movant at the time of the original motion" *(Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866, citing *Weinstein v Kiamesha Concord,* 29 AD2d 878 and *Webb & Knapp v United Cigar—Whelan Stores Corp.,* 276 App Div 583). In the matter at bar, the only issues that remained outstanding after this court's previous decision were: (1) which of the debts guaranteed by the plaintiffs' father were in default, and (2) the total amount in default. On the instant motion, the defendant for the first time submitted documentation establishing that the plaintiffs' father had guaranteed debts amounting to $66,437.62, against which the plaintiffs' deposits of $62,762.26 were properly applied. In a provident exercise of its discretion, the Supreme Court considered this evidence, found that the plaintiffs had failed in any fashion to controvert it, and granted summary judgment to the defendant. Mangano, P. J., Thompson, Bracken and Copertino, JJ., concur.