■ ANTHONY M. MADDALENA, Respondent, v ANN MARIE E. PANDOLFO et al., Appellants. [618 NYS2d 82] —In an action for specific performance of certain shareholder buy-out agreements, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Burrows, J.), entered April 21, 1993, as directed her to deposit with the court the proceeds of certain life insurance policies paid to her pursuant to the agreements.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff-respondent Anthony Maddalena and the defendant-appellant's late husband, John Pandolfo, were each 50% shareholders in two New York corporations operating licensed pharmacies. Pursuant to written buy-and-sell agreements, the survivor was to purchase the interest of the deceased shareholder, using the proceeds of certain insurance policies designated in the agreements, to make an immediate partial payment for the decedent's shares.

Following John Pandolfo's death in August 1991 the plaintiff made claims on the policies and endorsed the checks over to Mrs. Pandolfo, who then refused to honor the agreements. This action was commenced in May 1992 and, by notice of motion and supporting papers dated November 27, 1992, the plaintiff sought to compel Mrs. Pandolfo to deposit into court the insurance proceeds remitted to her as payment for her late husband's shares in the two corporations. The Supreme Court granted the motion and we affirm.

We reject Mrs. Pandolfo's contention that the motion to deposit the funds into the court is barred by laches. "Laches is not mere delay that works disadvantage or injury" (Glenesk v Guidance Realty Corp., 36 AD2d 852, 853). The essential element of laches is delay prejudicial to the opposing party (see, Dwyer v Mazzola, 171 AD2d 726, 727; Burns v Egan, 117 AD2d 38, 41). Here, the plaintiff's 14-month delay before demanding that the insurance proceeds be deposited with the court does not constitute an unreasonable delay that has prejudiced Mrs. Pandolfo, even if, as she claims, she has already used those funds (see, Weiss v Mayflower Doughnut Corp., 1 NY2d 310, 318). Further, her contention that she is

not bound by the agreements because she signed the agreements only as a witness is unavailing, since she is, in any event, bound as executrix of her late husband's estate.

We have reviewed the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.