◼ MELVYN KAUFMAN et al., Respondents-Appellants, v ELIZABETH KEHLER et al., Appellants-Respondents, et al., Defendant. [772 NYS2d 841]—

In an action to enforce a restrictive covenant and recover damages for its breach, the defendants Elizabeth Kehler and Dean Kehler appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 12, 2003, as denied that branch of their motion for summary judgment which was to dismiss the plaintiffs' cause of action for injunctive relief, and the plaintiffs cross-appeal from so much of the same order as denied their cross motion for summary judgment on that cause of action and, in effect, dismissing the second affirmative defense.

Ordered that the order is modified, on the law, by deleting the

provision thereof denying that branch of the plaintiffs' cross motion which was, in effect, for summary judgment dismissing the defendants' second affirmative defense, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the motion of the defendants Elizabeth Kehler and Dean Kehler (hereinafter the defendants) for summary judgment which was to dismiss the cause of action for injunctive relief. While the defendants made a prima facie showing that the doctrine of unclean hands bars the plaintiffs from seeking injunctive relief (*see Clifton Country Rd. Assoc. v Vinciguerra*, 195 AD2d 895 [1993]; *Mehlman v Avrech*, 146 AD2d 753 [1989]; *Agati v Agati*, 92 AD2d 737 [1983], *affd* 59 NY2d 830 [1983]; *TNT Communications v Management Tel. Sys.*, 32 AD2d 55 [1969], *affd* 26 NY2d 639 [1970]), the plaintiffs raised a triable issue of fact as to whether they, in fact, violated the same restrictive covenant they seek to enforce against the defendants (*see Mandalay Prop. Owners Assn. v Keiseheuer*, 291 AD2d 483 [2002]; *Wallack Constr. Co. v Smalwich Realty Corp.*, 201 App Div 133 [1922]; *Pappas v Excelsior Brewing Co.*, 170 App Div 692 [1915]).

The Supreme Court erred in denying the plaintiffs' cross motion for summary judgment as untimely solely because it was not made within the time constraints ordered by the court (*see Christ Gatzonis Elec. Contr. v New York City School Constr. Auth.*, 297 AD2d 272 [2002]; *Fainberg v Dalton Kent Sec. Group*, 268 AD2d 247 [2000]; *Maravalli v Home Depot U.S.A.*, 266 AD2d 437 [1999]; *Miranda v Devlin*, 260 AD2d 451 [1999]). Moreover, the plaintiffs established their entitlement to judgment as a matter of law dismissing the defendants' second affirmative defense of extreme delay. There is no evidence that the defendants changed their position, or suffered any injury or prejudice, because of the plaintiffs' delay in seeking injunctive relief (*see Zaccaro v Congregation Tifereth Israel of Forest Hills*, 20 NY2d 77 [1967]; *Cohen v Krantz*, 227 AD2d 581 [1996]; *Maddalena v Pandolfo*, 208 AD2d 907 [1994]; *Dwyer v Mazzola*, 171 AD2d 726 [1991]). In opposition, the defendant did not raise a triable issue of fact.

However, the plaintiffs did not establish their entitlement to judgment as a matter of law on the defendants' third affirmative defense of substantial and undue harm. The plaintiffs failed to demonstrate that the benefit of an injunction would outweigh the resulting detriment to the defendants (*see Meadow Run Dev. Corp. v Atlantic Ref. & Mktg. Corp.*, 155 AD2d 752 [1989];

*Nielsen v Corbo,* 35 AD2d 580 [1970]). Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.