■ Melvyn Kaufman et al., Respondents, v Elizabeth Kehler et al., Appellants, et al., Defendant. [808 NYS2d 764]—

In an action to enforce a restrictive covenant and recover damages for its breach, the defendants Elizabeth Kehler and Dean Kehler appeal from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered December 15, 2004, as denied that branch of their motion which was for sum-

mary judgment dismissing the second cause of action, seeking an injunction, and failed to search the record and grant them summary judgment dismissing the first cause of action, seeking damages for breach of a restrictive covenant.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the appellants, that branch of the motion which was for summary judgment dismissing the second cause of action is granted, and upon searching the record, summary judgment dismissing the first cause of action is awarded to the appellants, and the complaint is dismissed.

The Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the cause of action for an injunction. On a prior appeal in this matter, this Court determined that, while the appellants made a prima facie showing that the doctrine of unclean hands bars the plaintiffs from seeking injunctive relief, the plaintiffs raised a triable issue of fact as to whether the plaintiffs, in fact, violated the same restrictive covenant the plaintiffs seek to enforce against the appellants (*see Kaufman v Kehler,* 5 AD3d 564 [2004]). The new evidence submitted on the appellants' motion conclusively established that the plaintiffs did, in fact, violate the same restrictive covenant they seek to enforce against the appellants. The appellants are therefore entitled to summary judgment (*see Reeves v Manufacturers Hanover Trust Co.,* 117 AD2d 789 [1986]; *see also Weiss v Flushing Natl. Bank,* 176 AD2d 797 [1991]).

The plaintiffs' further arguments regarding the affirmative defense of unclean hands were raised and decided on the prior appeal, and may not be raised again here (*see Martin v City of Cohoes,* 37 NY2d 162, 165 [1975]; *Johnson v Incorporated Vil. of Freeport,* 288 AD2d 269 [2001]; *Matter of Parsons,* 78 AD2d 876 [1980]).

Moreover, the materials submitted in support of and in opposition to the plaintiffs' cross motion for summary judgment demonstrated that the plaintiffs sustained no compensable harm as a result of the appellants' alleged breach of the restrictive covenant (*see Binghamton Plaza v Gilinsky,* 32 AD2d 994 [1969]). Accordingly, upon searching the record, we award the appellants summary judgment dismissing the cause of action seeking damages for breach of the restrictive covenant (*see* CPLR 3212 [b]; *Osborne v Zornberg,* 16 AD3d 643, 645 [2005]; *Centre Great Neck v Rite Aid Corp.,* 292 AD2d 484 [2002]; *QDR Consultants & Dev. Corp. v Colonia Ins. Co.,* 251 AD2d 641, 643-644 [1998]). Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.