Hauser v Hauser (2018 NY Slip Op 04704)





Hauser v Hauser


2018 NY Slip Op 04704


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-10001
 (Index No. 33005/14)

[*1]Joseph Hauser, Jr., et al., respondents, 
v
William Hauser, et al., defendants, Robert Zimmerman, et al., appellants.


Henderson & Brennan, White Plains, NY (Brian C. Henderson of counsel), for appellants.
Wayne A. Gavioli, P.C., Nanuet, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a restrictive covenant, the defendants Robert Zimmerman and Mary Ellen Zimmerman appeal from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated October 4, 2016. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were for summary judgment on the second cause of action and, in effect, on the issue of liability on the first cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the second cause of action and, in effect, on the issue of liability on the first cause of action are denied.
The plaintiffs and the defendants William Hauser and Mara Hauser (hereinafter together the Hauser defendants) owned a parcel of real property situated in Rockland County that, in 1997, was subdivided into four lots. The plaintiffs resided in a home on one of the lots, the Hauser defendants resided in a home on a second lot, the defendants Robert Zimmerman and Mary Ellen Zimmerman (hereinafter together the Zimmerman defendants) resided in a home on a third lot, and nonparties resided in a home on a fourth lot.
In 2014, the plaintiffs commenced this action against the Hauser defendants and the Zimmerman defendants. The first cause of action was asserted against the Zimmerman defendants [*2]and was to recover damages for the Zimmerman defendants' alleged breach of a restrictive covenant. The second cause of action was asserted against the Zimmerman defendants and was for injunctive relief to enforce that restrictive covenant. The plaintiffs moved, inter alia, for summary judgment on the second cause of action and, in effect, on the issue of liability on the first cause of action. In the order appealed from, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion. The Zimmerman defendants appeal.
The Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment, in effect, on the issue of liability on the first cause of action. In opposition to the plaintiffs' prima facie showing of their entitlement to judgment as a matter of law on this cause of action (see Alvarez v Prospect Hosp., 68 NY2d 320, 324), the defendants submitted evidence raising a triable issue of fact as to whether the plaintiffs, by allegedly violating the restrictive covenant themselves and by failing to take action to enforce it for many years, waived enforcement of the restrictive covenant (see generally Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104).
Additionally, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the second cause of action. In opposition to the plaintiffs' prima facie showing of their entitlement to judgment as a matter of law on this cause of action (see Alvarez v Prospect Hosp., 68 NY2d at 324), the defendants raised a triable issue of fact as to whether the plaintiffs violated the covenant they seek to enforce such that the plaintiffs are barred by the doctrine of unclean hands from seeking injunctive relief (see Kaufman v Kehler, 25 AD3d 765; Kaufman v Kehler, 5 AD3d 564).
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court